**Abatement Order filed July 26, 2018**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00533-CV

### SUSAN FLANDER, Appellant

### V.

### STATE FARM INSURANCE, Appellee

**On Appeal from County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1105515**

## ABATEMENT ORDER

This is an appeal from an order signed by the trial court on June 25, 2018. The order grants the motion for summary judgment filed by appellee State Farm Insurance, one of the defendants in the underlying suit. The order is not a final judgment because it does not dispose of all pending claims and parties.

The clerk's record contains a motion to sever filed by State Farm on July 6, 2018. The motion states that the June 25, 2018 order is not final and requests

severance of appellant's claims against it so the order granting its motion for summary judgment will become final. The record does not reflect whether the trial court has ruled on the motion to sever.

Texas Rule of Appellate Procedure 27.2 provides as follows:

The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2. Further, the Texas Supreme Court has advised that if an appellate court is uncertain about a trial court's intent to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

Under the authority of Rule 27.2 and *Lehmann*, we **ABATE** this appeal so (1) the trial court may clarify whether it intended to finally dispose of all claims and parties, and/or (2) the June 25, 2018 order on appeal may be made final if necessary. A supplemental clerk's record containing any clarifying order or judgment shall be filed in this court by **August 27, 2018**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Busby